JASON J. BACH, ESQ.
Nevada Bar No. 7984
**THE BACH LAW FIRM, LLC**
7881 West Charleston, Suite 165
Las Vegas, Nevada 89117
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email: jbach@bachlawfirm.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KAREN ELLIS,<br><br>           *Plaintiff*,<br><br>     v.<br><br>WHEATON VAN LINES, INC., an Indiana corporation d/b/a Wheaton World Wide Moving; and SUPERIOR MOVING SERVICE, INC., a Missouri corporation,<br><br>           *Defendants*. | Case No. 2:20-cv-02187-RFB-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY (SECOND REQUEST)** |

Pursuant to LR IA 6-1 and LR 26-4, Plaintiff Karen Ellis, ("Plaintiff"), by and through her counsel of record, Jason J. Bach, of the Bach Law Firm, LLC, and Defendants Wheaton Van Lines, Inc. d/b/a Wheaton Worldwide Moving and Superior Moving Service, Inc. (collectively, "Defendants"), by and through their attorney of record, Tye S. Hanseen, of Marquis Aurbach Coffing, hereby stipulate and request that this court extend discovery in the above-captioned case as outlined herein. In support of this stipulation and request, the parties state as follows:

**I.   COMPLIANCE WITH LR IA 6-1**

This is the second stipulation for the extension of discovery related deadlines.

**II.   COMPLIANCE WITH LR 26-3**

LR 26-3 governs modifications of extensions of the Discovery Plan and Scheduling Order. Per LR 26-3, any stipulation or motion must be made no later than 21 days before the expiration

of the subject deadline and comply fully with LR 26-3.  Considering the November 15, 2021, expert disclosure deadline is the next pertinent deadline, the parties are making this request less than 21 days before that related deadline but more than 21 days before the rebuttal expert disclosure deadline and all other deadlines for which the Parties are seeking an extension.  The Parties have complied with the remaining 26-3 requirements below.

    **A.**    **DISCOVERY COMPLETED TO DATE.**

        1.    Disclosures and related supplements served by the parties.

        2.    Defendants served written discovery on Plaintiff.

        3.    Plaintiff served written discovery on both Defendants.

        4.    Plaintiff responded to Defendants' written discovery.

        5.    Defendants responded to Plaintiff's written discovery.

    **B.**    **DISCOVERY REMAINING.**

        1.    Depositions of the parties.

        2.    Additional written discovery.

        3.    Possible expert disclosures.

        4.    Possible expert depositions.

        5.    Other discovery the parties deem necessary as the case progresses.

This recitation of remaining discovery to be completed is not intended to be all inclusive but is merely set forth to inform the Court of discovery that remains to be completed.

    **C.**    **PROPOSED SCHEDULE FOR COMPLETING DISCOVERY.**

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| ACTIVITY | DATE | PROPOSED DEADLINE |
|---|---|---|
| Amend Pleadings or Add Parties | August 17, 2021 | **Passed** |
| Expert Disclosures Per FRCP 26(a)(2) | November 15, 2021 | **November 29, 2021** |
| Rebuttal Expert Disclosure Per FRCP 26(a)(2) | December 15, 2021 | **December 29, 2021** |
| Discovery Cut-Off Date | February 14, 2022 | **February 28, 2022** |

| Dispositive Motions | March 16, 2022 | **March 30, 2022** |
|---|---|---|
| Joint Pretrial Order | April 15, 2022 | **April 29, 2022** |

If dispositive motions are filed, the deadline for filing the Joint Pre-Trial Order will be suspended until thirty (30) days after the decision on the dispositive motions or further court order.

**D.     SHOWING OF GOOD CAUSE.**

> FRCP 6(b)(1) governs extensions of time and indicates:
> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*See* FRCP 6(b)(1). Under Rule 6, good cause is not a high standard and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010) (Rule 6 "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."); *see also Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Also, when considered in the scope of actual motions to extend, which this is not, good cause exists if the deadline could not have reasonably been met despite the diligence of party seeking the extension. *Carlovsky v. Ditech Fin., LLC*, CV01051APGVCF, 2020 WL 6808767, at *4 (D. Nev. Nov. 19, 2020) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, the "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Parties believe they have satisfied the good cause requirement. The Parties have conferred about the extension of the expert witness disclosure deadlines and related timing. Based on the proposed extension, the Parties believe they will have sufficient time to maintain all other discovery deadlines. Further, this request for an extension of time is not sought for any improper purpose or to delay. Moreover, there is no danger of prejudice; the extension is short; and, the extension will not negatively impact the judicial proceedings, especially considering ongoing

1  COVID-19 circumstances.  Thus, the Parties respectfully submit that the reasons set forth above

2  constitute good cause for the extension of the expert deadlines.

3        WHEREFORE, the parties respectfully request that this court extend the discovery

4  deadlines as outlined in accordance with the table above.

5        **IT IS SO STIPULATED AND AGREED.**

6  DATED this 15th day of November, 2021.      DATED this 15th day of November, 2021.

7  **THE BACH LAW FIRM, LLC**      **MARQUIS AURBACH COFFING**

8    */s/ Jason J. Bach*        */s/ Tye S. Hanseen*

Jason J. Bach      Tye S. Hanseen
Nevada Bar No. 7984      Nevada Bar No. 10365
7881 W. Charleston Blvd., Suite 165      10001 Park Run Drive
Las Vegas, NV 89117      Las Vegas, NV 89145
Telephone: (702) 925-8787      Telephone: (702) 382-0711
Facsimile: (702) 925-8788      Fax: (702) 382-5816
Email: jbach@bachlawfirm.com      Email: thanseen@maclaw.com
*Attorney for Plaintiff*      *Attorney for Defendants*

**ORDER**

**IT IS SO ORDERED** this 16th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE