**Marquis Aurbach**
Tye S. Hanseen, Esq.
Nevada Bar No. 10365
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
thanseen@maclaw.com
   Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KAREN ELLIS,<br><br>           Plaintiff,<br><br>   vs.<br><br>WHEATON VAN LINES, INC., an Indiana corporation d/b/a Wheaton World Wide Moving; and SUPERIOR MOVING SERVICE, INC., a Missouri corporation,<br><br>           Defendants. | Case Number:<br>2:20-cv-02187-RFB-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br>**(THIRD REQUEST)** |

Pursuant to LR IA 6-1 and LR 26-3 [26-4 struck through], Plaintiff Karen Ellis, ("Plaintiff"), by and through her counsel of record, Jason J. Bach, Esq. of the Bach Law Firm, LLC and Defendants Wheaton Van Lines, Inc. d/b/a Wheaton Worldwide Moving and Superior Moving Service, Inc. (collectively "Defendants"), by and through their attorney of record, Tye S. Hanseen, Esq. of Marquis Aurbach Coffing, hereby stipulate and request that this court extend discovery in the above-captioned case as outlined herein. In support of this stipulation and request, the parties state as follows:

**I.  COMPLIANCE WITH LR IA 6-1**

This is the third stipulation for the extension of discovery related deadlines.

**II. COMPLIANCE WITH LR 26-3**

LR 26-3 governs modifications of extensions of the Discovery Plan and Scheduling Order. Per LR 26-3, any stipulation or motion must be made no later than 21 days before the expiration of the subject deadline and comply fully with LR 26-3. Considering the February 28, 2022 discovery cutoff is the next pertinent deadline, the parties are making this request

MAC:16396-001 4595718_1

more than 21 days before the related deadlines. The Parties have complied with the remaining 26-3 requirements below.

### A. DISCOVERY COMPLETED TO DATE.

1. Disclosures and related supplements served by the parties.
2. Defendants served written discovery on Plaintiff.
3. Plaintiffs served written discovery on both Defendants.

### B. DISCOVERY REMAINING.

1. Depositions of the parties.
2. Expert depositions.
3. Other discovery the parties deem necessary as the case progresses.

This recitation of remaining discovery to be completed is not intended to be all inclusive but is merely set forth to inform the Court of discovery that remains to be completed.

### C. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| ACTIVITY | DATE | PROPOSED DEADLINE |
| --- | --- | --- |
| Amend Pleadings or Add Parties | August 17, 2021 | **Passed** |
| Expert Disclosures Per FRCP 26(a)(2) | November 29, 2021 | **Passed** |
| Rebuttal Expert Disclosure Per FRCP 26(a)(2) | December 29, 2021 | **Passed** |
| Discovery Cut-Off Date | February 28, 2022 | **May 31, 2022** |
| Dispositive Motions | March 30, 2022 | **June 30, 2022** |
| Joint Pretrial Order | April 29, 2022 | **July 29, 2022** |

If dispositive motions are filed, the deadline for filing the Joint Pre-Trial Order will be suspended until thirty (30) days after the decision on the dispositive motions or further court order.

MAC:16396-001 4595718_1

### D. SHOWING OF GOOD CAUSE.

FRCP 6(b)(1) governs extensions of time and indicates:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*See* FRCP 6(b)(1). Under Rule 6, good cause is not a high standard and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010) (Rule 6 "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."); *see also Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Also, when considered in the scope of actual motions to extend, which this is not, good cause exists if the deadline could not have reasonably been met despite the diligence of party seeking the extension. *Carlovsky v. Ditech Fin., LLC*, CV01051APGVCF, 2020 WL 6808767, at *4 (D. Nev. Nov. 19, 2020) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, the "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Parties believe they have satisfied the good cause requirement. The Parties have scheduled a mediation with former Federal Magistrate Peggy Leen. The mediation is set for February 28. In conjunction with discussions surrounding the mediation, the Parties conferred regarding the remaining discovery and timing. The Parties agree that the likely value of the case perhaps does not justify incurring significant expenses on expert and 30(b)(6) depositions. Or, at a minimum, that a legitimate effort toward resolution with a competent mediator is warranted before expending further fees and costs prior to further pursuit/defense of the claims in the action. To this end, should the case not settle, the Parties are respectfully requesting approximately 90 days after the mediation to conclude discovery.

This request for an extension of time is not sought for any improper purpose or to delay. Moreover, there is no danger of prejudice; the extension is short; and, the extension will not negatively impact the judicial proceedings, especially considering ongoing Covid-

MAC:16396-001 4595718_1

19 circumstances. Thus, the Parties respectfully submit that the reasons set forth above constitute good cause for the discovery extension.

WHEREFORE, the parties respectfully request that this court extend the discovery deadlines as outlined in accordance with the table above.

Dated this 21st day of January, 2022.   Dated this 21st day of January, 2022.

MARQUIS AURBACH   THE BACH LAW FIRM, LLC

By:   /s/ Tye S. Hanseen                By:   /s/ Jason J. Bach            
     Tye S. Hanseen, Esq.                      Jason J. Bach, Esq.
     Nevada Bar No. 10365                  Nevada Bar No. 7984
     10001 Park Run Drive                   7881 W. Charleston Blvd., Suite 165
     Las Vegas, Nevada 89145                Las Vegas, Nevada 89117
     Attorney for Defendants                Attorney for Plaintiff

**ORDER**

IT IS SO ORDERED this 24th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

MAC:16396-001 4595718_1